UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JOSEPH McGRANAHAN                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:18CV-P37-TBR

KDOC *et al.*                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph McGranahan, a prisoner at the Kentucky State Penitentiary (KSP), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss some claims, allow other claims to continue, and allow Plaintiff to amend the complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff brings suit against the Kentucky Department of Corrections (KDOC) and the following KSP officers and employees: Warden Randy White, Sgt. Jesse Coombs, Grievance Coordinator Dan Smith, Sgt. Rodriguez, C/O Burnette, C/O Larue, and Lt. Rasmussen. He sues Defendants White, Coombs, and Smith in their individual and official capacities but does not indicate the capacity in which he sues Defendants Rodriguez, Burnette, Larue, and Rasmussen.

In the complaint, Plaintiff alleges:

> on 5/14/17, while I was in 3C/H Segregation unit Sgt. Jesse Coombs came to my cell and told me to pack up my belongings to be moved to another cell. I then asked him where would I be moving to and what for? Sgt. Coombs assembled an extraction team, came back to my cell and said I was refusing to move and comply with his orders and I seen him aiming the OC pepper spray at my face and I said f*** you Coombs come and get me as he immediately began spraying me with mace. I was extracted from the cell and cuffed and restrained in a chair. I refused medical treatment but the nurse

poured water over my head and I was being shocked several times with a shock shield.

Plaintiff asserts that the "force was applied in a bad-faith effort, not to maintain or restore discipline, it was used maliciously and sadistically to cause harm." He claims that Defendants "Warden and KDOC knew or reasonably should have known Sgt. Coombs' illegal actions of excessive use of force because it is all on camera." He also claims that Defendant Smith "t[h]warted my grievance process by abrogating and errecting a senseless rule to thwart the process."

Plaintiff alleges violations of the First and Eighth Amendments to the U.S. Constitution and of Sections 1 and 17 of the Kentucky Constitution.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims Against Defendant KDOC and Official-Capacity Claims for Damages Against Defendants White, Coombs, and Smith

The Eleventh Amendment[1] "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern*

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

*v. Jordan*, 440 U.S. 332, 341 (1979)). The Eleventh Amendment, therefore, bars this § 1983 action against the KDOC.

"This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, the official-capacity claims for damages against Defendants White, Coombs, and Smith also are barred by the Eleventh Amendment.

In addition, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the claims against the KDOC and the official-capacity claims for damages against Defendants White, Coombs, and Smith additionally fail to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims Against Defendants White, Coombs, and Smith

#### 1. Defendant White

To the extent Plaintiff seeks to hold Defendant White liable based on his supervisory position as KSP Warden, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on

active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant White was directly involved in any of the alleged wrongdoing. The Court, therefore, will dismiss the individual-capacity claims against Defendant White for failure to state a claim upon which relief can be granted.

### 2. Defendant Coombs

Upon consideration, the Court will allow the Eighth Amendment, excessive-force claim to proceed against Defendant Coombs in his individual capacity and will allow the state-law claim under Section 17 of the Kentucky Constitution to proceed against him as well.

### 3. Defendant Smith

Plaintiff claims that Defendant Smith "t[h]warted my grievance process by abrogating and errecting a senseless rule to thwart the process." However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner*

*v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Thus, where the only allegation against a defendant relates to the denial/rejection of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation.[2]

Therefore, the Court will dismiss the claims against Defendant Smith for failure to state a claim upon which relief can be granted.

### C. Claims Against Defendants Rodriguez, Burnette, Larue, and Rasmussen

Plaintiff fails to state the capacity in which he sues Defendants Rodriguez, Burnette, Larue, and Rasmussen, and he further fails to mention them in his statement of his claims.

Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 165. "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 166 (quoting *Monell*, 436 U.S. at 691 n.55). "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

---

[2] Section 1 of the Kentucky Constitution provides for the following rights: "enjoying and defending their lives and liberties"; "worshipping Almighty God according to the dictates of their consciences"; "seeking and pursuing their safety and happiness"; "freely communicating their thoughts and opinions"; "acquiring and protecting property"; "assembling together in a peaceable manner for their common good, and of applying to those invested with the power of government for redress of grievances or other proper purposes, by petition, address or remonstrance"; and "bear arms in defense of themselves and of the State, subject to the power of the General Assembly to enact laws to prevent persons from carrying concealed weapons." Ky. Const. § 1. The Court presumes Plaintiff alleges that Defendant Smith violated Section 1 in thwarting his grievances. This state-law claim fails for the same reason his constitutional claim fails.

Upon review, the Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on Defendants Rodriguez, Burnette, Larue, and Rasmussen, and none of Plaintiff's other filings pertain to that issue. The Court, therefore, will **not** construe this action as asserting a claim against Defendants Rodriguez, Burnette, Larue, and Rasmussen in their individual capacities but will construe it only as asserting claims against them in their official capacities. The official-capacity claims against these state officers/employees will be dismissed for the same reasons the Court dismissed the official-capacity claims against Defendants White, Coombs, and Smith.

The Court, however, will allow Plaintiff an opportunity to amend his claims to sue Defendants Rodriguez, Burnette, Larue, and Rasmussen in their individual capacities and to describe the facts surrounding how each of those Defendants allegedly violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing amendment under Fed. R. Civ. P. 15(a)).

## IV.  ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that all claims against the KDOC; the official-capacity claims against Defendants White, Coombs, Smith, Rodriguez, Burnette, Larue, and Rasmussen; and the individual-capacity claims against Defendants White and Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant immune from such relief.

As all claims against Defendants KDOC, White, and Smith have been dismissed, **the Clerk of Court is DIRECTED to terminate Defendants KDOC, White, and Smith from this action**.

**IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment, excessive-force claim against Defendant Coombs in his individual capacity and the state-law claim under Section 17 of the Kentucky Constitution against him shall proceed**. In permitting these claims to proceed, the Court passes no judgment on their merit and ultimate outcome.

Finally, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to sue Defendants Rodriguez, Burnette, Larue, and Rasmussen in their individual capacities and to describe the facts surrounding how each of those Defendants allegedly violated his rights. The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter an order regarding service and scheduling order to govern the development of the continuing claims against Defendant Coombs**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005